UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| GLENN ROBBINS, et al., | )   Docket no. 2:22-cr-00012-GZS |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS
COUNTS ONE THROUGH 58 OF THE SUPERSEDING INDICTMENT (ECF NO. 213)**

Before the Court is a Motion to Dismiss Counts One Through 58 of the Superseding Indictment filed by Defendants Glenn Robbins and Western Sea, Inc. ("Western Sea") (ECF No. 213). Defendants Samuel Olson, Sam's Seafood, LLC ("Sam's Seafood"), and Jason Parent filed Notices of Joinder in the Motion (ECF Nos. 215 & 217). Having considered the Motions and related filings (ECF Nos. 235, 240, 253, 258-59), the Court DENIES the Motion.

**I.     BACKGROUND[1]**

In January 2022, Defendants Robbins, Western Sea, and Parent – along with Ethan Chase, Neil Herrick, and Stephen Little – were charged in a 35-count Indictment (ECF No. 1).[2] With the exception of Herrick, they subsequently filed Motions to Dismiss certain counts of the Indictment (the "Motions to Dismiss the Indictment"). (See ECF Nos. 103, 109, 116-118.) In October 2022, before the Court held oral argument on these Motions, the Grand Jury issued the now-pending Superseding Indictment (ECF No. 140). The Superseding Indictment includes charges against all

---

[1] The Court incorporates by reference the factual and regulatory background previously set forth in its January 26, 2023 Order. See ECF No. 218, PageID #s 625-32.

[2] The Government also charged Defendant Andrew Banow but, because he has plead guilty to those charges, the Court does not discuss the Indictment or the subsequent Superseding Indictment as they relate to him.

of the Defendants named in the initial Indictment as well as several other individuals and entities, including Defendants Olson and Sam's Seafood. The Superseding Indictment charges: all Defendants with conspiring "to commit offenses against the United States" in violation of 18 U.S.C. § 371 (Count One); Robbins and Western Sea with mail fraud in violation of 18 U.S.C. § 1341 (Counts Two-18); Robbins and Chase with falsification of records in violation of 18 U.S.C. § 1519 (Counts 19-35); Robbins, Chase, and Western Sea with wire fraud in violation of 18 U.S.C. § 1343 (Counts 36-58); and Robbins, Parent, Chase, Herrick, and Little with conspiracy to defraud the Internal Revenue Service in violation of 18 U.S.C. § 371 (Count 59). (See Sup. Indict. (ECF No. 140), PageID #s 385, 399, 401-02, 404.)

On January 4, 2023, the Court held oral argument on the fully briefed Motions to Dismiss the Indictment. (See ECF No. 206.) Shortly thereafter, Robbins and Western Sea filed the now-pending Motion to Dismiss the Superseding Indictment (ECF No. 213) and Olson, Sam's Seafood, and Parent filed Notices of Joinder in this new Motion (ECF Nos. 215, 217). On January 26, the Court issued an order denying the Motions to Dismiss the Indictment (ECF No. 218) (hereinafter, the "1/26/23 Order"). Because the Superseding Indictment was returned after the Motions to Dismiss the Indictment were filed, the Court construed the "Motions, which [sought] to dismiss certain counts of the Indictment, as seeking to dismiss the same counts in the Superseding Indictment." (See 1/26/23 Order, PageID # 624 n.1).

On May 11, 2023, the Supreme Court issued two decisions regarding the scope of the wire fraud and honest-services wire fraud statutes: (1) Ciminelli v. United States, 143 S. Ct. 1121 (2023); and (2) Percoco v. United States, 143 S. Ct. 1130 (2023). Defendants Robbins and Western Sea subsequently filed a Supplemental Memorandum (ECF No. 253) in support of their Motion

and discussed therein the impact of these decisions on the Motion. The Government, per this Court's instruction, filed a Response to the Supplemental Memorandum (ECF No. 258).

**II.   DISCUSSION**

Robbins and Western Sea's Motion seeks to dismiss Counts One through 58 of the 59-count Superseding Indictment. (See Def. Mot. (ECF No. 213), PageID # 589.) With respect to Counts One through 18, the Court refers to and incorporates its prior discussion of these charges in its 1/26/23 Order. (See 1/26/23 Order, PageID #s 633-45.) Having considered Defendants' Motion and subsequent briefing (ECF Nos. 240, 253, 259), the Court concludes that they do not raise any novel or otherwise compelling arguments that this Court has not already considered in connection with the 1/26/23 Order.[3] The Court has also duly considered the Supreme Court's recent decisions in Ciminelli and Percoco (on which Robbins and Western Sea base their Supplemental Memorandum) and concludes that the 1/26/23 Order is consistent with both.

In Ciminelli, the Supreme Court rejected "the Second Circuit's longstanding 'right to control' theory of fraud," under which "a defendant is guilty of wire [or mail] fraud if he schemes to deprive the victim of 'potentially valuable economic information' 'necessary to make discretionary economic decisions.'" 143 S. Ct. at 1124 (citation omitted). The Supreme Court reiterated that "the federal fraud statutes criminalize only schemes to deprive people of traditional property interests," id., and that "the [g]overnment must prove not only that [] fraud defendants 'engaged in deception,' but also that money or property was 'an object of their fraud,'" id. at 1126

---

[3] The Court notes one new argument as an exception: Robbins and Western Sea assert in their Reply, for the first time, that Count One's "citation to the aiding and abetting statute, 18 U.S.C. § 2," along with the federal conspiracy statute, 18 U.S.C. § 371, renders it impermissibly vague. See Defs. Reply (ECF 240), PageID #s 764-75. Putting aside the fact that "a reply brief is not the appropriate place to switch gears and offer new arguments," Oliveira v. New Prime, Inc., 857 F.3d 7, 17 n.15 (1st Cir. 2017), the Court summarily concludes that this new theory is baseless in light of the fact that Count One does not in fact cite 18 U.S.C. § 2, see Sup. Indict. (ECF No. 140), PageID # 399.

3

(quoting Kelly v. United States, 140 S. Ct. 1565, 1571 (2020)). Because the government had relied solely on the right-to-control theory in the operative indictment and at trial, the Supreme Court reversed the Second Circuit's decision affirming the wire fraud convictions. See id. at 1125-26, 1128-29. In contrast to the government's theory of fraud in Ciminelli, the fraudulent schemes alleged in the Superseding Indictment are rooted in traditional property interests. As another court recently recognized, "Ciminelli says nothing about federal criminal liability for such schemes, which are the archetypal subject of federal fraud prosecutions." United States v. Jesenik, No. 3:20-CR-228-SI, 2023 WL 3455638, at *2 (D. Or. May 15, 2023). Ciminelli therefore does not contradict this Court's finding that, because Defendants' alleged "conduct in violation of federal and state law . . . prevented them from gaining any property interest in the fish," "[t]he overharvested and underreported fish [] remained the property of the United States and Maine, regardless of any forfeiture that may have been attributed to Defendants' conduct." (1/26/23 Order, PageID #s 643-44.)[4] Nor does Ciminelli cast into disrepute the decisions by numerous courts "recogniz[ing] that wildlife harvested in violation of a regulatory scheme are 'not property of the possessors, but rather the states' or federal government from which the wildlife was taken." (Id., PageID # 644 (citation omitted).)[5] Finally, this is not a case in which the Government is attempting to impermissibly "criminalize[] traditionally civil matters and federalize[] traditionally

---

[4] Robbins and Western Sea challenge this conclusion, emphasizing that "[t]he Supreme Court has [] explained that the government has no ownership interest in oceanic creatures or other wildlife." Def. Suppl. Mem. (ECF No. 253), PageID # 784; see Def. Reply (ECF No. 259), PageID # 825. To support that assertion, they cite to Douglas v. Sea Coast Products, Inc., 431 U.S. 265 (1977), where the Supreme Court explained that "[n]either the States nor the Federal Government, any more than a hopeful fisherman or hunter, has title to [wild] creatures until they are reduced to possession by skillful capture." Douglas, 431 U.S. at 284. This Court already considered the impact of Douglas on this case and reiterated the foregoing language in its 1/26/23 Order. See PageID # 643. For the reasons previously set forth in that Order, this Court declines to disturb its prior ruling that the Superseding Indictment sufficiently alleges mail fraud as to Robbins and Western Sea.

[5] The Court also notes that these decisions were issued after Douglas.

state matters," which was one concern with the right-to-control theory. Ciminelli, 143 S. Ct. at 1128.[6]

In Percoco, the Supreme Court considered "whether a private citizen with influence over government decision-making can be convicted for wire fraud on the theory that he or she deprived the public of its 'intangible right of honest services.'" 143 S. Ct. at 1133 (citing 18 U.S.C. §§ 1343, 1346). The defendant in that case had been convicted of honest-services wire fraud "based on instructions that required the jury to determine whether he had a 'special relationship' with the government and had 'dominated and controlled' government business," which was a standard established by the Second Circuit in United States v. Margiotta, 688 F.2d 108 (2d Cir. 1982). See id.; see also Margiotta, 688 F.2d at 122. The Second Circuit subsequently affirmed the district court's denial of the defendant's motion for a judgment of acquittal. See Percoco, 143 S. Ct. at 1135. The Supreme Court rejected "Margiotta's standard [as] too vague," concluding that it failed to "define the intangible right of honest services with sufficient definiteness [such] that ordinary people can understand what conduct is prohibited, or in a manner that does not encourage arbitrary and discriminatory enforcement." Id. at 1138 (cleaned up); see id. at 1137 ("The intangible right of honest services must be defined with the clarity typical of criminal statutes and should not be held to reach an ill-defined category of circumstances simply because of a smattering of pre-McNally decisions." (cleaned up)). Here, according to Robbins and Western Sea, Percoco (as well as Ciminelli) proscribes "the sort of prosecutorial overreach in deploying the fraud statutes" that

---

[6] Robbins and Western Sea assert that the Superseding Indictment is the Government's "attempt to federalize what is fundamentally a state violation and to felonize what Congress specifically designated a misdemeanor." Suppl. Mem., PageID # 783. This argument refers to the Government's decision to charge Robbins and Western Sea under the federal conspiracy and fraud statutes rather than under the Magnuson-Stevens Act ("MSA"). The MSA, however, is a federal statute and violations of that Act are therefore federal violations. Additionally, for the reasons this Court explained in its 1/26/23 Order, the Government was entitled to charge Defendants under the federal statutes at issue here rather than under the MSA. See 1/26/23 Order, PageID #s 637-38.

the Government has engaged in here. (Suppl. Mem. (ECF No. 253), PageID # 784.) They further assert that the Government's theory of fraud in this case creates "the insoluble vagueness and overbreadth issues the Supreme Court refuses to instill into [the fraud] statutes." (Id.; see Def. Reply (ECF No. 259), PageID # 825.) This Court disagrees. Unlike the Margiotta theory of honest-services fraud at issue in Percoco, there is no similar theory here that gives the mail and wire fraud statutes "an uncertain breadth that raises 'the due process concerns underlying the vagueness doctrine.'" Percoco, 143 S. Ct. at 1137 (citation omitted). For the reasons set forth in this Court's 1/26/23 Order, the Superseding Indictment adequately alleges a conspiracy to defraud the United States involving Robbins and Western Sea. (See 1/26/23 Order, PageID #s 639-41.)

The Court therefore finds no cause to disturb its prior ruling that dismissal of Counts One through 18 is not warranted.

### A. Falsification of Records (Counts 19-35)

Counts 19 through 35 of the Superseding Indictment charge Robbins (as well as co-Defendant Ethan Chase)[7] with falsification of records in violation of 18 U.S.C. § 1519.[8] (See Sup. Indict., PageID #s 401-02.) Robbins asserts that these charges "should be dismissed as preempted and as inconsistent with the intended scope of [the] Sarbanes-Oxley" Act of 2002. (Def. Mot., PageID # 608.) In support of this argument, he largely relies on the Supreme Court's decision in Yates v. United States, 574 U.S. 528 (2015).

---

[7] Robbins is named in Counts 19 through 24, 26, 27, and 32 through 34.

[8] 18 U.S.C. § 1519 provides as follows:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

6

In Yates, the defendant-fisherman disposed of undersized fish "[t]o prevent federal authorities from confirming that he had harvested undersized fish" in violation of federal conservation regulations. 574 U.S. at 531. He was subsequently charged with, and convicted of, violating 18 U.S.C. § 1519. Id. Focusing on the purposes of the Sarbanes-Oxley Act and the surrounding context of § 1519,[9] the Supreme Court ultimately concluded that fish did not qualify as a "tangible object" under the Act because "[a] tangible object captured by § 1519 . . . must be one used to record or preserve information." Id. at 532.

In this case, Robbins is charged under, inter alia, § 1519 with falsifying fishing vessel trip reports ("FVTRs") "to impede . . . the proper administration of [] matter[s] . . . within the jurisdiction of" the National Oceanic Atmospheric Administration, a federal agency. (Sup. Indict., PageID # 401.) This conduct falls squarely within the purview of § 1519. See 18 U.S.C. § 1519 (prohibiting, inter alia, the falsification of records or documents to impede the proper administration of any matter within the jurisdiction of a federal agency); see also Yates, 574 U.S. at 542-44 (discussing context of § 1519).[10] Additionally, "the legislative history of the Magnuson-Stevens Act does not reflect congressional intent to preempt prosecution for filing false FVTRs under other criminal statutes . . . [such as] Section 1519." United States v. Winkler, No. 21-CR-217 (JMA), 2022 WL 17824064, at *3 (E.D.N.Y. Dec. 20, 2022). The Government was therefore entitled to charge

---

[9] As Robbins notes, "Section 1519 was enacted as part of the Sarbanes–Oxley Act of 2002, . . . legislation designed to protect investors and restore trust in financial markets following the collapse of Enron Corporation." Yates v. United States, 574 U.S. 528, 532 (2015). "§ 1519 was intended to prohibit, in particular, corporate document-shredding to hide evidence of financial wrongdoing." Id. at 536.

[10] Moreover, unlike the ambiguity as to whether fish qualify as "tangible objects" within the meaning of the Sarbanes-Oxley Act, there is no ambiguity here as to whether FVTRs qualify as "reports" or "documents" under 18 U.S.C. § 1519. Accordingly, the Court is not persuaded by Robbins' assertion that "the rules of statutory construction, including the rule of lenity," that the Supreme Court applied in Yates apply even more forcefully here. See Def. Mot., PageID # 609.

Robbins under § 1519 rather than the Magnuson-Stevens Act's provision[11] penalizing the falsification of FVTRs. See United States v. Cacho-Bonilla, 404 F.3d 84, 90 (1st Cir. 2005) ("[C]harging decisions belong to the prosecutor."); United States v. Brien, 617 F.2d 299, 310-11 (1st Cir. 1980) ("The government's election to prosecute appellants under the statute which, at the time, provided the more severe penalty, was an exercise of discretion that violated no rights of appellants."); United States v. Batchelder, 442 U.S. 114, 123-24 (1979) ("[W]hen an act violates more than one criminal statute, the [g]overnment may prosecute[] under either so long as it does not discriminate against any class of defendants.").

For these reasons, the Court concludes that Counts 19 through 35 are neither precluded by the Magnuson-Stevens Act nor inconsistent with the Sarbanes-Oxley Act.

**B.     Wire Fraud (Counts 36-58)**

Counts 36 through 58 of the Superseding Indictment charge Robbins and Western Sea (as well as co-Defendant Ethan Chase) with wire fraud in violation of 18 U.S.C. § 1343.  (See Sup. Indict., PageID #s 402-04.)  As Robbins and Western Sea recognize, "the wire fraud statute, section 1343, is directly parallel to the mail fraud statute" because both require "a scheme . . . to defraud another of property or money" in which "the fraud go[es] to the nature of a bargain."  (Def. Mot., PageID # 610); see 18 U.S.C. §§ 1341, 1343.  They therefore seek dismissal of the wire fraud counts "for the same reasons that apply to the mail fraud counts."  (Def. Mot., PageID # 610.)  Having determined that those reasons do not support dismissal of the mail fraud counts, the Court concludes that they also do not support dismissal of the wire fraud counts.

---

[11] See 16 U.S.C. § 1857(1)(I) (making it unlawful "to knowingly and willfully submit to a Council, the Secretary, or the Governor of a State false information . . . regarding any matter that the Council, Secretary, or Governor is considering in the course of carrying out [the Magnuson-Stevens Act]").

## III.  CONCLUSION

For the foregoing reasons, the Court finds no merit in any of the arguments presented for dismissal of the referenced counts of the Superseding Indictment, nor does the Court find any alternative basis for dismissing these counts as a matter of law.  Therefore, the Court DENIES Defendants Glenn Robbins and Western Sea, Inc.'s Motion to Dismiss the Superseding Indictment (ECF No. 213).  To the extent Defendants Samuel Olson, Sam's Seafood, LLC, and Jason Parent sought similar relief in their Notices of Joinder in the Motions to Dismiss (ECF Nos. 215, 217), that is also DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 13th day of June, 2023.