UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA**    )<br>                                                        )<br>v.                                                    )     No. 2:22-cr-00012-JDL<br>                                                        )<br>**GLENN ROBBINS,**                         )<br>**ETHAN CHASE,**                            )<br>**NEIL HERRICK,**                            )<br>**STEPHEN LITTLE,**                        )<br>**JASON PARENT, and**                   )<br>**WESTERN SEA INC.,**                   )<br>                                                        )<br>            **Defendants**                       ) | |

**ORDER ON MOTIONS FOR ADDITIONAL
PEREMPTORY CHALLENGES**

Ahead of jury selection in this multidefendant criminal case, Defendants Glenn Robbins, Neil Herrick, Jason Parent, and Western Sea Inc. move for additional peremptory challenges. Parent seeks six peremptory challenges to exercise separately from his codefendants. *See* ECF No. 466 at 2 n.1. Robbins and Western Sea—whose "interests are closely aligned" because Robbins owns Western Sea—seek ten peremptory challenges to exercise together. ECF No. 468 at 1-2. And Herrick seeks ten "peremptory challenges for his own individual use." ECF No. 469 at 1. The Government opposes the requests. *See* ECF No. 475.

In noncapital felony cases like this one, the Government is allowed six peremptory challenges and the Defendants are jointly allowed ten peremptory challenges. *See* Fed. R. Crim. P. 24(b)(2). Because Chief Judge Levy has asked that four alternate jurors be impaneled in this case, each side is also entitled to two

1

peremptory challenges to the alternate pool.  *See* Fed. R. Crim. P. 24(c)(4)(B).  "The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly."  Fed. R. Crim. P. 24(b).  The "court's authority in applying this rule is broad."  *United States v. Cox*, 752 F.2d 741, 748 (1st Cir. 1985).

The Movant-Defendants essentially set forth the same two arguments in support of their requests: (1) that justice requires giving them the same number of peremptory challenges they would be entitled to if tried separately and (2) that they need separate and additional peremptory challenges because their interests are not totally aligned.  *See* ECF Nos. 466, 468-69.

The idea that justice mandates placing the Defendants in the same position they would be in if tried separately is contrary to Rule 24(b) and longstanding federal jurisprudence.  As the Supreme Court explained over a century ago,

> [t]he requirement to treat the parties defendant as a single party for the purpose of peremptory challenges has long been a part of the federal system of jurisprudence . . . There is nothing in the Constitution of the United States which requires . . . Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured.  The number of challenges is left to be regulated by the common law or the enactments of Congress. That body has seen fit to treat several defendants, for this purpose, as one party.  I[f] the defendants would avail themselves of this privilege they must act accordingly.  It may be . . . that all defendants may not wish to exercise the right of peremptory challenge as to the same person or persons, and that some may wish to challenge those who are not objectionable to others.  But this situation arises from the exercise of a privilege granted by the legislative authority and does not invalidate the law.  The privilege must be taken with the limitations placed upon the manner of its exercise.

*Stilson v. United States*, 250 U.S. 583, 586-87 (1919); *see also* Fed. R. Crim. P. 24(b) advisory committee's notes to 1944 adoption (noting that Rule 24(b) "continu[es] the existing rule that multiple defendants are deemed a single party for purposes of challenges" while vesting "in the court discretion to allow additional peremptory challenges to multiple defendants").

The Movant-Defendants' second argument about divergent interests is overstated but more persuasive. Although the Defendants' charges all stem from the same nucleus of allegations, their positions and interests are not identical and they may well have different priorities during jury selection. To give each Defendant six or ten peremptory challenges as requested, however, would result in a severely lopsided and unwieldy jury selection process. Moreover, such a result is not supported even by the authorities cited by the Movant-Defendants. *See United States v. Ducheneux*, No. 3:23-CR-30005-RAL, 2023 WL 5748122, at *1 (D.S.D. Sept. 6, 2023) (deferring ruling on defendants' request to grant them additional peremptory challenges but noting that if the request were granted it would likely "be no more than one more per defendant"); *United States v. Frazier*, No. 3:17-cr-00130, 2019 WL 4242412, at *2-3 (M.D. Tenn. Sept. 6, 2019) (granting defendants' motion for additional peremptory challenges but expressing concern over the large number requested and leaving "for later the precise number of additional challenges").

So, here is what I am going to do. To account for the Defendants' differing interests while still maintaining a fair ratio of peremptory challenges and a reasonably sized juror pool, I will grant the Defendants an additional five peremptory

3

challenges and allow them each (with Robbins and Western Sea grouped together) to exercise three challenges independently.[1]  I will also allow additional peremptory challenges to the alternate pool so that each Defendant (again, with Robbins and Western Sea grouped together) may separately exercise one peremptory challenge during the impanelment of the alternate jurors.  The following chart outlines what this process will look like.

### PEREMPTORY CHALLENGES

| Round | Gov't | Robbins & Western Sea | Chase | Herrick | Little | Parent |
|---|---|---|---|---|---|---|
| 1 | 2 | 1 | 1 | 1 | 1 | 1 |
| 2 | 2 | 1 | 1 | 1 | 1 | 1 |
| 3 | 2 | 1 | 1 | 1 | 1 | 1 |
| Alternate Pool | 2 | 1 | 1 | 1 | 1 | 1 |

*SO ORDERED.*

Dated: March 1, 2024          /s/ Karen Frink Wolf
                              United States Magistrate Judge

---

[1] In its opposition, the Government requests that if the Defendants are granted a total of fifteen peremptory challenges that it be given an additional challenge.  *See* ECF No. 475 at 3 n.2.  I decline to do so because that would result in an uneven number of peremptory challenges per round and it is somewhat unclear whether I even have the authority to grant the Government additional challenges without the Defendants' consent.  *Compare* Fed. R. Crim. P. 24(b) ("The court may allow additional peremptory challenges *to multiple defendants* . . . ." (emphasis added)) *and United States v. Bruno*, 873 F.2d 555, 561 (2d Cir. 1989) ("Although [Rule 24(b)] accords the court discretion in awarding additional challenges to defendants in multi-defendant cases, it does not provide authority to grant any additional challenges to the government unless the defense consents.") *with* Fed. R. Crim. P. 24 advisory committee's notes to 2002 amendments ("[T]he rule authorizes the court in multi-defendant cases to grant additional peremptory challenges to the defendants.  If the court does so, the prosecution may request additional challenges in a multi-defendant case, not to exceed the total number available to the defendants jointly.  *The court, however, is not required to equalize the number of challenges where additional challenges are granted to the defendant.*" (emphasis added)).